[No. 31840.    Department Two.    November 23, 1951.]

Louis Ostroff, *Appellant,* v. Laundry & Dye Works Drivers' Local No. 566 *et al., Respondents.*[1]

*Hamlet P. Dodd,* for appellant.

*Bassett & Geisness,* for respondents.

Olson, J.—This case has been before this court on a former appeal. *Ostroff v. Laundry & Dye Works Drivers' Local No. 566,* 37 Wn. (2d) 595, 225 P. (2d) 419 (1950).    As directed in that decision, the trial court enjoined the picketing of the appellant's business establishments by the respondent union.    The present appeal is from an order entered on respondent's motion dissolving that injunction.

The basic facts of the controversy are set forth in the previous opinion, in which two questions were answered:

First, was there a labor dispute between the parties within the meaning of the statute, Rem. Rev. Stat. (Sup.), § 7612-13 (a)  [P.P.C. § 695-25]?    It was decided that there was because of the existence of the relationship of employer

[1]Reported in 237 P. (2d) 784.

and employee between the appellant and one Kreiger, a member of the picketing union.

Second, should the picketing of the appellant's establishments by the respondent union be enjoined? This was answered in the affirmative because it was found that, although certain objects of the picketing were persuasive (lawful), one purpose of the picketing was coercive (unlawful) and not merely persuasive (lawful). The illegal purpose was to compel the appellant employer to sign a contract with the respondent which would require him to employ only union members in his plant, and only members of respondent union in the pickup and delivery of his work. It was determined that the accomplishment of this purpose, the signing of such contract by appellant, would directly coerce his employees to join the union or lose their jobs. Such compulsion was held to be contrary to the public policy of the state of Washington, as declared by Rem. Rev. Stat. (Sup.), § 7612-2 [P.P.C. § 695-3]. Consequently, it was ordered:

"The judgment of the trial court is reversed with instructions to enjoin such picketing. If, at any time, the coercive features of the picketing (as herein described) are eliminated, respondent union may move the trial court for a dissolution of such injunction."

Pursuant to this direction, the injunction previously mentioned was issued by the trial court on March 12, 1951.

On April 3, 1951, respondent moved to dissolve this injunction. An officer of the respondent union, in a letter dated March 2, 1951, had notified the appellant of the withdrawal of the respondent's demand that he sign a closed-shop contract, and that it would not picket his establishments for the purpose of forcing him to sign such contract. This was the coercive (unlawful) objective which the previous decision proscribed.

After a hearing upon the motion at which the affidavit of respondent, setting forth its letter to appellant, was submitted and oral testimony was heard, an order was entered on June 25, 1951, dissolving the injunction. The trial court found that the injunction had been strictly obeyed by the

respondent, and that the illegal purpose of the picketing had been abandoned and its coercive (unlawful) feature eliminated.

■ From our examination of the record, we conclude that these findings are supported by the evidence. The law of this case was determined upon its first appeal. The elimination of the designated coercive (unlawful) feature of the picketing by respondent entitles it to a dissolution of the injunction.

However, appellant contends that, at the time the motion for dissolution was heard, none of appellant's employees was a member of any union and all of his employees had indicated a desire not to join any union; that Kreiger was not then an employee of the appellant in fact; that the finding of the labor dispute rested upon the employer-employee relationship of Kreiger and appellant, and, the relationship having ceased, the labor dispute ceased; that, if there is no labor dispute, there can be no lawful picketing, and the injunction should not be dissolved. He urges that the court should not dissolve an injunction, if, at the time of the proposed dissolution, it would enjoin upon the same facts.

Whether or not these propositions, and the incidental questions they raise, might avail the appellant were the facts as he contends, we do not say. We are concerned with the facts found by the trial court, supported by the evidence, upon the hearing of the motion to dissolve.

The trial court found that Kreiger discontinued his picketing duties against the appellant in July, 1950, and has worked for various other employers since that time; that he is not now actively employed through the respondent union and has not been since July, 1950.

Evidence introduced by respondent discloses that Kreiger is still one of its members and eligible to go to work as such.

The trial court found from the evidence that the labor dispute between the parties has at all times continued and still exists. Considering these facts and the established law of this case, we agree with that conclusion.

■ No precedent in point has been cited to us by counsel nor have we found any. It seems logical to us that dis-

continuance by Kreiger of his activities as a picket or his employment elsewhere does not necessarily terminate his relationship with appellant for the purposes of this case. He was an employee of the appellant when the dispute arose. To hold that a change in his status sufficient to affect the rights of the parties to this action has occurred, would be to hold that such events as the discharge of an employee, or his taking work elsewhere pending a labor dispute, would necessarily terminate the relationship upon which the finding of a labor dispute is based. It would follow, from such a holding, that an employer, by many conceivable acts, such as the prompt discharge of an employee or the prolongation of the dispute until economic necessity forced the employee to seek work elsewhere, could place himself in the position of having no union employees; consequently, no labor dispute. This does not appear to us to be equitable.

The judgment is affirmed.

HILL, GRADY, HAMLEY, and FINLEY, JJ., concur.

January 24, 1952. Petition for rehearing denied.